UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARK G. COMERFORD,

    Plaintiff,

v.                             CASE NO: 8:08-cv-648-T-33TBM

JOHN E. POTTER, POSTMASTER
GENERAL, UNITED STATES
POSTAL SERVICE,

    Defendant.
_____/

**ORDER**

This cause comes before the Court pursuant to Defendant John E. Potter, Postmaster General, United States Postal Service's ("USPS") Motion for Summary Judgment (Doc. # 20), which was filed on March 31, 2009. Plaintiff filed a Memorandum in Opposition on July 6, 2009 (Doc. # 33), and, with leave of Court, Defendant filed a Reply thereto on August 17, 2009 (Doc. # 37).

Mark Comerford, Plaintiff, filed a two-count complaint alleging "discrimination and unlawful employment practices based on age and retaliation pursuant to 42 U.S.C. § 2000e" (Doc. # 1, ¶ 1).

**I.    Factual Background**

Mr. Comerford has worked for the USPS since November 1980. (Comerford Dep., Doc. # 20, Exh. 1 at 20:7-11). He was born in 1952 and was 52 years old in 2004 during the time of the alleged discrimination. (Doc. # 20, Exh. 2).

Mr. Comerford, in January 2004, arranged a job transfer with Daniel Turner, a 56-year-old carrier, to transfer from Tallahassee to Bradenton. (Comerford Dep., Doc. # 20, Exh. 1 at 22:17-23:16; Doc. # 20, Exh. 3). Mr. Comerford's transfer was denied by the Bradenton Postmaster, Joe Gerace, in March 2004 citing an unsatisfactory attendance record. (Doc. # 20, Exh. 6). After the denial, Mr. Comerford filed through the USPS/NALC Dispute Resolution Process on March 24, 2004, a union grievance alleging violation of the NALC-USPS contract that stated transfers would not be unreasonably denied because of sick leave. (Doc. # 20, Exh. 8). The grievance was resolved in Mr. Comerford's favor on April 21, 2004. (Id.).

Mr. Comerford started work at the Bradenton USPS on June 28, 2004 (Doc. # 20, Exh. 10). Due to problems he had at the Bradenton post office, which are set out below, he transferred to the post office in Littleton, Colorado

2

effective November 13, 2004. (Doc. # 20, Exh. 19).

At the Bradenton Post Office, Mr. Comerford worked at the main post office branch. (Doc. # 20, Exh. 11). His direct supervisor was Roger Parker, the station manager was John Romano, and the postmaster for the Bradenton Post Office was John Gerace. (Id.).

While at the Bradenton Post Office, Mr. Comerford was disciplined multiple times. He received a letter of warning on July 26, 2004, a seven-day no-time-off suspension on August 26, 2004, a seven-day no-time-off suspension on September 16, 2004, and a seven-day no-time-off suspension on October 20, 2004. (Doc. # 33, at 1, 8, 19, 27). There was also a request for disciplinary action dated October 27, 2004, requesting a 14-day suspension for Mr. Comerford. (Id. at 34). The reasons for these disciplinary actions included allegations of unprofessional time estimates for delivery, dilatory tactics, and not delivering express packages in the required manner. (Id.)

A seven-day no-time-off suspension does not result in the employee losing work time or pay but can be taken into account for subsequent corrective discipline. (Doc. # 20, Exh. 13, at 16-5). Any suspension of 14 days or less does

3

not result in lost work time or pay. (Id.).

Mr. Comerford successfully grieved the first suspension dated August 26, 2004, and that suspension was overturned on October 8, 2004. (Doc. # 20, Exh. 15).  Mr. Comerford also challenged his second suspension dated September 16, 2004, as well as his third suspension dated October 20, 2004. (Doc. # 20, Exh. 17; Doc. # 20, Exh. 19 at 4). In order to not impede the transfer to Colorado, Mr. Comerford dismissed the grievances, and Mr. Gerace agreed not to object to removing the suspensions from Mr. Comerford's file.  (Doc. # 20, Exh. 2 at ¶ 18;Doc. # 20, Exh. 18 at 4)

Mr. Comerford contacted the postmaster in Littleton, Colorado on September 4, 2004, to try to transfer to that branch. (Doc. # 20, Exh. 18 at 4).  The transfer was approved effective November 13, 2004.  (Doc. # 20, Exh. 19).

Mr. Comerford had also filed an EEO charge alleging retaliation for filing the successful union grievances that got him transferred to Bradenton as well as discrimination due to his age. (Doc. # 20, Exh. 20 at 2; Doc. # 20, Exh. 22).  The USPS EEO informed Mr. Comerford that they would investigate the first two seven-day suspensions but not the warning letter because it was untimely.  (Doc. # 20, Exh.

21).

The EEO found no evidence of age discrimination and also found that Mr. Comerford did not meet his burden of proof on the retaliation claim. (Doc. # 20, Exh. 23 at 5-6). Following this, Mr. Comerford filed suit in this case.

II. **Legal Standard**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). A factual dispute alone is not enough to defeat a properly pled motion for summary judgment; only the existence of a genuine issue of material fact will preclude a grant of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

An issue is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Mize v. Jefferson City Bd. of Educ., 93 F.3d 739, 742 (11th Cir. 1996)(citing Hairston v. Gainesville Sun Publ'g Co., 9 F.3d 913, 918 (11th Cir. 1993)). A fact is material if it may affect the outcome of the suit under the

governing law. <u>Allen v. Tyson Foods, Inc.</u>, 121 F.3d 642, 646 (11th Cir. 1997). The moving party bears the initial burden of showing the court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial. <u>Hickson Corp. v. N. Crossarm Co., Inc.</u>, 357 F.3d 1256, 1260 (11th Cir. 2004)(citing <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986)). "When a moving party has discharged its burden, the non-moving party must then 'go beyond the pleadings,' and by its own affidavits, or by 'depositions, answers to interrogatories, and admissions on file,' designate specific facts showing that there is a genuine issue for trial." <u>Jeffery v. Sarasota White Sox, Inc.</u>, 64 F.3d 590, 593-94 (11th Cir. 1995)(citing <u>Celotex</u>, 477 U.S. at 324).

If there is a conflict between the parties' allegations or evidence, the non-moving party's evidence is presumed to be true and all reasonable inferences must be drawn in the non-moving party's favor. <u>Shotz v. City of Plantation, Fla.</u>, 344 F.3d 1161, 1164 (11th Cir. 2003). If a reasonable fact finder evaluating the evidence could draw more than one inference from the facts, and if that inference introduces a genuine issue of material fact, the court should not grant

summary judgment. <u>Samples ex rel. Samples v. City of Atlanta</u>, 846 F.2d 1328, 1330 (11th Cir. 1988)(citing <u>Augusta Iron & Steel Works, Inc. v. Employers Ins. of Wausau</u>, 835 F.2d 855, 856 (11th Cir. 1988)). However, if the non-movant's response consists of nothing "more than a repetition of his conclusional allegations," summary judgment is not only proper, but required. <u>Morris v. Ross</u>, 663 F.2d 1032, 1034 (11th Cir. 1981), <u>cert. denied</u>, 456 U.S. 1010 (1982).

## III. Analysis

### A. Age Discrimination

The Federal ADEA provision states in the relevant part that "all personnel actions affecting employees . . . in the United States Postal Service . . . shall be made free from any discrimination based on age." 29 U.S.C. §633a(a).

The Supreme Court has recently stated that:

> the burden of persuasion necessary to establish employer liability is the same in alleged mixed-motives cases as in any other ADEA disparate-treatment action. A plaintiff must prove by a preponderance of the evidence (which may be direct or circumstantial) that age was the "but-for" cause of the challenged employer decisions.

<u>Gross v. FBL Financial Services, Inc.</u>, 129 S.Ct. 2343, 2351 (2009). Furthermore, "the burden of persuasion does not

7

shift to the employer to show that it would have taken the action regardless of age, even when a plaintiff has produced some evidence that age was one motivating factor in that decision." Id. at 2352.

In this case, Plaintiff has presented no evidence that age was even one factor among many in influencing the disciplinary decisions while working at the Bradenton office. Plaintiff's argument is that Mr. Comerford's bosses must have known he was over 40 years old. (Doc. # 33 at 5). This alone is not enough, and Plaintiff has not met his burden to prove age was a but-for cause of the challenged employment decisions.

**B.    Retaliation**

Plaintiff alleges that because he successfully challenged Mr. Gerace's decision to deny him a transfer to Bradenton, Mr. Gerace retaliated against him.  (Comerford Dep., Doc. # 20, Exh. 1 at 81:13-24, 97:14-98:1, 128:3-10, 130:1-5).

A federal employee who is a victim of retaliation due to the filing of a complaint of age discrimination may assert a claim under the federal-sector provisions of the Age Discrimination in Employment Act of 1967 (ADEA). Gomez-

Perez v. Potter, 128 S.Ct. 1931, 1935 (2008).

In order to establish a prima facie case of retaliation, a plaintiff must show that: (1) he was engaged in a protected activity; (2) he suffered an adverse employment action; and (3) there was a causal link between his protected activity and the adverse employment action. See Weeks v. Harden Mfg. Corp., 291 F.3d 1307, 1311 (11th Cir. 2002).

Mr. Comerford's initial grievance with Mr. Gerace over the denial of transfer was resolved through the USPS/NALCS Dispute Resolution Process. (Doc #20, Exh. 8). The dispute that Mr. Comerford alleges led to the retaliation was due to an issue with unsatisfactory attendance record and not age. (Id.).

Alleging a union grievance on a matter unrelated to age does not constitute a protected activity under the retaliation provision of the ADEA. See Bond v. Dep't of Air Force, 202 Fed. Appx. 391, 396 (11th Cir. 2006) (retaliation regarding filing union grievance on severity of punishment not protected activity covered by the ADEA). Mr. Comerford alleged retaliation based on his transfer sick leave claim, not based on age.

Plaintiff's complaint only alleges a retaliation claim based on the ADEA, and he has not met his burden to establish a claim of retaliation under the ADEA because the alleged retaliation was not a protected activity under the ADEA.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendant's Motion for Summary Judgment (Doc. # 20) is **GRANTED**.

(2) The Clerk is directed to close this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>30th</u> day of October, 2009.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record